BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Public Service Commission. The Order, from which review has been sought, reads, in pertinent part, as follows:
“Pursuant to the provisions of Section 367.171, F.S. (1971), the Pasco County Board of County Commissioners adopted a resolution making the provisions of the Water and Sewer Regulatory Law (Chapter 367, F.S.) applicable to Pasco County as of July 11, 1972.
“On September 21, 1972, Show Cause Order No. 5526 was issued to determine if respondents Tahitian Utilities, Inc. (Tahitian) and Aloha Utilities, Inc. (Aloha) had increased their rates and, if so, the legality thereof.”
* * * * * *
“On July 1, 1972, the Aloha Board of Directors adopted a resolution increasing the rates for its water and sewer service effective that date. Three customers attested to receipt of notice of the rate increase: One received his copy on July 11, and the other two received theirs on July 13. 1972, all by messenger. There was no evidence that any customers were notified of, or paid, the increased rates adopted on the July 1, 1972 resolution prior to July 11, 1972.
“F.S. Section 367.081, F.S.A., provides :
‘(1) Rates and charges being charged and collected by a utility shall be changed only by approval of the commission.’
“This provision of the statute was drafted by our staff to overcome problems identical to the one in this case. A utility would apparently decide to increase its rates and before it set about collecting the increased rates, jurisdiction would be conferred upon us. Under the law, prior to the 1971 revision, we were confronted with the almost impossible task of determining whether the utility had actually increased its rates before we got jurisdiction, or merely said that it had done so.
“The 1971 revision of the statute, on this point, made the issue quite clear and easily demonstrable upon the record. It is equally clear that Aloha had not fully affected an increase in its rates prior to the date of our jurisdiction.
“Upon passage of the resolution by the Board of County Commissioners of Pas-co County on July 11, 1972, Aloha became a ‘Utility’ under the jurisdiction of this Commission and the rates being charged to and collected from its customers on that date must remain in effect until changed by this Commission. Order No. 5488, Docket No. 5818-WS. Therefore, Aloha improperly increased its rates.
“From the foregoing, we find that . the rates for water and sewer service to the customers of Aloha were increased subsequent to July 11, 1972, without authorization of this Commission and must be reduced to those rates and charges in effect prior to July 11, 1972; all monies received by Aloha pursuant to the rate increase must be refunded to those customers paying the increased rates. It is therefore, . . . ."
* * * * * *
“ORDERED that Aloha Utilities, Inc. reduce its rates to that level of rates for water service and sewer service to its customers which were being charged to and collected from said customers on July 10, 1972, and shall refund to them all monies collected since the unauthorized rate increase which exceed the amount being collected from the customers on July 10, 1972.”
Our careful consideration and analysis of the petition, the record, and briefs of counsel sustains the view that the findings of the Commission are supported by com *359 petent substantial evidence, and that, in entering its order, respondent Commission met the essential requirements of law.
Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and ADKINS, JJ., concur.